# IN THE UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF ALABAMA
# EASTERN DIVISION

| | |
|---|---|
| JANE LIPHAM d/b/a JANE LIPHAM FARM AND LITTLE MAN FARM, | ) ) ) ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 3:18-cv-660-DAB ) |
| KOCH FARMS OF ASHLAND, LLC, *et al.*, | ) ) ) ) |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

Plaintiff Jane Lipham d/b/a Jane Lipham Farm and Little Man Farm, sues Defendant, Koch Farms of Ashland, LLC, ("Koch Farms"), and numerous fictitious Defendants for damages resulting from the infestation of Plaintiff's farm by bed bugs introduced to the farm by Defendants. In a six-count complaint filed in the Circuit Court of Randolph County, Alabama, Plaintiff alleges claims for breach of contract, fraud, and negligence. (Doc. 1-1). Defendant Koch Farms removed the case to this court. (Doc. 1). Pending before the court is Koch Farms' Motion to Dismiss Plaintiff's Complaint (Doc. 4). Also pending are Plaintiff's Motion for Leave to Amend and Clarify Complaint (Doc. 6) and Plaintiff's Motion to Remand (Doc. 7). The parties have had the opportunity to fully brief the motions and the court heard argument on September 25, 2018. **For the reasons that follow, Plaintiff's Motion for Leave to Amend and Clarify Complaint (Doc. 6) is granted, Defendant Koch Farm's Motion to Dismiss Plaintiff's Complaint (Doc. 4) is denied without prejudice, and Plaintiff's Motion to Remand (Doc. 7) is granted.**

## I. Jurisdiction

This matter was removed to this court pursuant to 28 U.S.C. §§ 1332(a), 1441, and 1446. (Doc. 1). The jurisdiction of the court is invoked based upon diversity of citizenship and an amount in controversy in excess of $75,000. *Id.* ¶ 7. Plaintiff contests this court's diversity jurisdiction contending diversity does not exist among the parties because the individual Defendants, Kenny Green ("Green"), Michelle Yates Davidson ("Davidson"), Tommy Rushing ("Rushing"), and Pat Fagan ("Fagan"), who were named in the complaint, but inadvertently not included in the case caption, are Alabama citizens and, therefore, nondiverse.

## II. Background and Statement of Facts[1]

On June 18, 2018, Plaintiff filed a civil complaint in the Circuit Court of Randolph County, Alabama. (Doc. 1-1). The complaint, sounding exclusively in state law, alleges claims for breach of contract, fraud, and negligence against Defendant Koch Farms of Ashland, LLC. *Id.* at 6–14. Additionally, Plaintiff names fictitious parties A, B, C, D, E, and F, including "the person, firm or corporation who provided chicken catching services at Plaintiff's farm." *Id.* at 1. On July 12, 2018, Koch Farms removed the case to the United States District Court for the Middle District of Alabama, asserting diversity jurisdiction pursuant to 28 U.S.C. § 1332.[2] (Doc. 1).

In her complaint, Plaintiff alleges she has a poultry farm located near Randolph County, Alabama, that consists of six breeder hen houses where she has grown breeder hens and produced eggs for Koch Farms. (Doc. 1-1, ¶ 10). In late 2009 or early 2010, Plaintiff's chickens were being picked up and caught by Koch Farms at which time cages brought by Koch Farms that were infested with bed bugs were placed in one of Plaintiff's chicken houses. *Id.* ¶ 11. Plaintiff

---

[1] The statement of facts is taken from Plaintiff's Complaint. (Doc. 1-1).
[2] The Notice of Removal explains that Koch Foods of Ashland, LLC is a citizen of Illinois and Delaware for removal purposes. (Doc. 1, ¶ 12).

observed the cages being placed on the floor and bed bugs spreading from the cage. *Id.* Prior to the introduction of the bed bugs by Koch Farms, Plaintiff did not have any bed bugs located on her farm. *Id.* ¶ 12. Plaintiff notified her service representative Fagan, who shortly thereafter was replaced by Davidson. *Id.* ¶ 13. Davidson took a sample of the bed bugs and represented to Plaintiff that she was taking the bed bugs to Auburn University for analysis so they could be treated and eradicated from Plaintiff's farm. *Id.* ¶ 14. In November 2014, Plaintiff learned that Davidson never took the bed bugs to Auburn University. *Id.* ¶ 15.

The infestation of Plaintiff's farm by the bed bugs continued to spread and grow. *Id.* ¶ 16. Plaintiff's service representatives gave her chemicals to treat the bed bugs and directed her how to use the chemicals. *Id.* Since the infestation of bed bugs began on her farm, Plaintiff was told by Koch Farms, Fagan, Davidson, Green, and Rushing that Koch Farms would continue to supply her with breeder hens provided she continued to use the chemicals as directed. *Id.* ¶ 17.

Plaintiff's chicken houses have at all times been classified as "Class A" houses, and she invested a significant amount of money to update them to maintain her "Class A" status at the insistence of Koch Farms. *Id.* ¶¶ 18–19. After Koch Farms completed the catch of Plaintiff's breeder hens in September 2017, Rushing and Green came to Plaintiff's farm to discuss the bed bug problem and advised Plaintiff and her husband that there was nothing further that they could do regarding the infestation. *Id.* ¶¶ 20–21. Although following the meeting Green told Plaintiff to get ready for their new batch of chickens, Plaintiff received a letter from Koch Farms in October 2017 stating no new chickens will be sent until the bed bug infestation is eradicated at Plaintiff's expense. *Id.* ¶¶ 22–24. The flock to flock breeder agreement between Plaintiff and Koch Farms provides that Koch Farms will supply "all feed, medication and sanitation products necessary to raise, develop, and maintain the breeder flock." *Id.* ¶ 27. The last flock to flock breeder contract

entered into between the parties was November 22, 2016, with the prior agreements containing similar terms. *Id.* ¶¶ 26–27.

Plaintiff alleges that between 2012 and 2017 her production pay from Koch Farms has decreased significantly due to the bed bug infestation. *Id.* ¶ 25. Since being dropped by Koch Farm as egg producers in October 2017, Plaintiff has been unable to contract with any other chicken company due to the bed bug infestation. *Id.* ¶ 28.

Plaintiff filed suit in the Circuit Court of Randolph County, Alabama, alleging state law claims of breach of contract (Counts I, II), fraud (Counts III, IV, V), and negligence (Count VI) against Defendants. (Doc. 1-1). The complaint caption names as Defendants Koch Farms and various fictitious persons or entities, *see id.* at 1, but the prayers for relief in Counts III and IV also seek relief against the individuals Fagan, Green, Davidson, and Rushing, *see id.* at 11–12. Plaintiff's Complaint alleges Green, Davidson and Rushing are Alabama resident citizens.[3] *Id.* ¶¶ 5–7.

Koch Farms moves to dismiss the Plaintiff's complaint. (Doc. 4). It argues that her breach of contract claims are barred by Alabama's six-year statute of limitations. As for the tort claims, Koch Farms alleges Plaintiff does not plead her fraud claims with specificity to satisfy the particularity requirements of Rule 9(b), and in any event, her tort claims are actually mislabeled contract claims. (Doc. 4).

Plaintiff filed a motion for leave to amend and clarify her complaint. (Doc. 6). She alleges that the individual Defendants were inadvertently left out of the case caption, but that she clearly intended to sue them as they are specifically referenced in the complaint and included in the prayers

---

[3] The Complaint does not allege the citizenship of Fagan. *See* Doc. 1-1, ¶ 4.

4

for relief in multiple counts. (Doc. 6). When the citizenship of the individual Defendants is considered, diversity does not exist, and therefore Plaintiff also moves to remand. (Doc. 7).

III.   **Legal Standard**

Federal Rule of Civil Procedure 8 provides that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The pleader must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "[D]etailed factual allegations" are not required, but mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" are not enough. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). On a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a court "accept[s] the allegations in the complaint as true and constru[es] them in the light most favorable to the plaintiff." *Hill v. White*, 321 F.3d 1334, 1335 (11th Cir. 2003). In considering a motion to dismiss, the court is ordinarily limited to evaluation of matters alleged in the operative complaint. In appropriate cases, the court may also take into account additional matters presented in support of the motion when those matters are intrinsic to the claims and not reasonably in dispute. In this case, the agreement between the parties was included with the Motion to Dismiss and its terms and status as the basis for the parties' contract is not disputed. It will therefore be considered herein.

"If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court." 28 U.S.C. § 1447(e). "If [the court] permits the amendment of the nondiverse defendant, it then must remand to the state court." *Hensgens v. Deere & Co.*, 833 F.2d 1179, 1182 (5th Cir. 1987).[4]

---

[4]"Though *Hensgens* was decided before the enactment of § 1447(e), its analytical framework has been widely adopted as the proper method for determining whether to permit joinder where § 1447(e) controls." *D.N. ex rel. Epps*

## IV. Analysis

Plaintiff seeks to amend and clarify her complaint by adding the names of the individual Defendants to the case caption. (Doc. 6). Courts generally "should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). However, "[i]f after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court." 28 U.S.C. § 1447(e). "Thus, the decision to grant or deny a post-removal motion to amend a complaint which would destroy the subject matter jurisdiction of the federal court is discretionary." *Worley v. Pfizer, Inc.,* 535 F. Supp. 2d 1252, 1254 (M.D. Ala. 2008). This discretion must be tempered, however, with the district court's close scrutiny of the proposed amendment. *Hensgens*, 833 F.2d at 1182.

By her motion, Plaintiff seeks to amend her complaint to clarify her original intention to sue the individual Defendants. She argues it is evident from the body of the complaint that she intended to name the individuals as Defendants, but claims they were inadvertently omitted from the case caption and summonses not issued. Plaintiff claims she is not seeking to add non-diverse Defendants because, according to her, the individual Defendants are already named in the suit. Plaintiff analyzes this case under *Hensgens* and urges this court grant her leave to amend. (Doc. 6 at 2–5).

In balancing a defendant's desire to maintain the federal forum with the competing interests of not having parallel lawsuits, the district court should consider "the extent to which the purpose

---

*v. Dreamland Amusements, Inc.*, No. CV 111-014, 2011 WL 2269411, at *2, n.1 (S.D. Ga. Apr. 20, 2011), report and recommendation adopted, No. CV 111-014, 2011 WL 2259768 (S.D. Ga. June 7, 2011); *see also Small v. Ford Motor Co.*, 923 F. Supp. 2d 1354, 1356 (S.D. Fla. 2013) ("Although *Hensgens* was decided before the enactment of § 1447(e), the factors outlined therein continue to guide district courts in deciding whether to permit or deny joinder in removal cases.").

of the amendment is to defeat federal jurisdiction, whether plaintiff has been dilatory in asking for amendment, whether plaintiff will be significantly injured if amendment is not allowed, and any other factors bearing on the equities." *Hensgens*, 833 F.2d at 1182. Here, application of these considerations, known as the *Hensgens* factors, weighs in favor of allowing the amendment. While Defendant argues that the sole purpose of the amendment is to defeat diversity, a review of Plaintiff's complaint reveals an initial intent to sue the individual Defendants. In her complaint, Plaintiff specifically alleges the Alabama citizenship of at least three of the individuals and seeks relief from them in Counts III and IV.[5]

Regarding the second *Hensgens* factor, the court finds that Plaintiff was not dilatory in seeking to amend. The case was filed initially in state court on June 18, 2018. (Doc. 1-1). The case was removed by Koch Farms on July 12, 2018. (Doc. 1). Plaintiff filed her motion seeking leave to amend and clarify only two weeks later on July 26, 2018. (Doc. 6). Thus, the court finds Plaintiff has not been dilatory and concludes this factor weighs in favor of allowing the amendment.

Plaintiff argues she will be injured if not permitted to clarify her pleadings to name the individuals as Defendants because their status as independent contractors or employees of a fictitious party is currently unknown. Alternatively, if these individuals were determined to be employees of Koch Farms, but acting outside the scope of their employment, Plaintiff would similarly be injured if she could not sue them directly in this lawsuit. In determining whether Plaintiff will be significantly injured by not allowing the amendment, courts consider whether a

---

[5] It is worth noting that Plaintiff initially alleged that Koch Farms is a domestic limited liability company formed in Montgomery County, Alabama. (Doc. 1-1 ¶ 3). Although this allegation is not determinative of an LLC's citizenship, it does lend support to Plaintiff's contention that the individuals were not included as named Defendants solely to destroy diversity.

7

plaintiff will be forced to prosecute separate lawsuits in two different courts. The court cannot say at this juncture if the Plaintiff will prevail on a respondeat superior theory or if the Plaintiff would need to initiate a separate lawsuit in state court against the individuals in order to preserve those claims against them if Plaintiff was not permitted to clarify that the individuals are named Defendants in this lawsuit. As such, Plaintiff would undoubtedly be prejudiced if required to incur the expense and time associated with pursuing a parallel lawsuit in state court against Fagan, Rushing, Green, and/or Davidson. It follows in these circumstances that there is a substantial risk of injury to Plaintiff if she is not permitted to amend.

Finally, in determining whether to allow the amendment, courts will consider "any other factors bearing on the equities." *Hensgens*, 833 F.2d at 1182. Plaintiff asserts the purpose of the motion to amend is to correct a clerical error in failing to include the names of the individuals in the case style and in not having summonses issued to the individuals. Giving Plaintiff the benefit of the doubt that this was not a tactical omission, to not allow the amendment would result in requiring Plaintiff to pursue a separate lawsuit in state court against the individuals wherein there exists the potential of inconsistent results and a waste of judicial resources. The court finds here that the interests of efficiency and judicial economy strongly favor litigating all of Plaintiff's claims relating to the bed bug infestation in a single lawsuit. Duplicative litigation arising from the same set of circumstances and involving similar parties must be weighed in the balance of equities. *See id.* (a defendant's interest in a federal forum must be weighed against "the danger of parallel federal/state proceedings with the inherent dangers of inconsistent results and the waste of judicial resources").

While the balance of the equities should include consideration of a diverse defendant's right to choose a federal forum, the court observes that Plaintiff initiated this case in state court

and intended from the outset to sue the non-diverse individuals. For these reasons, the court finds, based on the balance of equities, that Plaintiff's proposed amendment should be permitted. Allowing amendment of the Complaint to specifically include the non-diverse individual Defendants would divest this court of subject matter jurisdiction, and remand would be required. *See Hensgens*, 833 F.2d at 1182 ("If [the district court] permits the amendment of the nondiverse defendant, it then must remand to the state court.").

V.  **CONCLUSION AND ORDER**

For the reasons stated, it is hereby **ORDERED** that Plaintiff's Motion for Leave to Amend and Clarify Complaint (Doc. 6) is **granted**. It is further **ORDERED** that Plaintiff's Motion to Remand (Doc. 7) is **granted**. The Plaintiff is directed to file her Amended Complaint within **7 days** of the date of this order, and thereafter the Clerk is directed to **remand the case to the Circuit Court for Randolph County, Alabama**. It is further **ORDERED** that Defendant's Motion to Dismiss Plaintiff's Complaint (Doc. 4) is **denied without prejudice** subject to being renewed once the matter has been remanded to the Circuit Court for Randolph County.

**DONE** and **ORDERED** this 4th day of December 2018.

/s/ David A. Baker
DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE